# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50684
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 24, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JASON GABRIEL BASSA, also known as Jason Bassa,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 6:09-CR-43-1

Before CLEMENT, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Jason Gabriel Bassa, federal prisoner # 29691-180, has moved for leave to proceed in forma pauperis (IFP) on appeal from (i) the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction based on Amendment 782 to the Sentencing Guidelines and (ii) the district court's order finding that his untimely notice of appeal was caused by excusable neglect. By seeking leave to proceed IFP, Bassa is challenging the district court's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

certification that his appeal is not taken in good faith because it is frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(5). Bassa argues that, in denying his § 3582(c)(2) motion, the district court "overstated" his criminal history, failed to recognize his rehabilitative efforts, and erroneously relied on the fact that he would be a danger to society if he were released earlier. He also argues that the district court's denial of his motion was antithetical "to the policy concerns that motivated Amendment 782."

We review for abuse of discretion a district court's decision whether to reduce a sentence pursuant to § 3582(c)(2). *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011). A court abuses its discretion where it commits a legal error or clearly errs in assessing the evidence. *Id.* It has discretion to modify a defendant's sentence in certain cases where the Sentencing Commission lowers the applicable guidelines range after the defendant has been sentenced. *United States v. Doublin*, 572 F.3d 235, 236-37 (5th Cir. 2009); *see* § 3582(c)(2); U.S.S.G. § 1B1.10(a)(2). If the defendant is eligible for a reduction, then the court must consider whether and to what extent the applicable 18 U.S.C. § 3553(a) factors to warrant a reduction. *Dillon v. United States*, 560 U.S. 817, 826 (2010).

The district court implicitly recognized that Bassa was eligible for a sentence reduction, but it was not required to give him one. *See United States v. Evans*, 587 F.3d 667, 673 (5th Cir. 2009). The court denied Bassa's motion as a matter of discretion, referring explicitly to his extensive criminal history, the seriousness of his offense, and the need to protect the public, all of which are appropriate factors to consider under § 3553(a). *See* § 3553(a)(1); *see also Henderson*, 636 F.3d at 718-19 (explaining that the district court must reassess the § 3553(a) factors whenever the defendant is eligible for a sentence

reduction under § 3582(c)(2)).  All of Bassa's arguments are unavailing, and the denial of the § 3582(c)(2) motion was not an abuse of discretion.  *See Id.* at 717.

Regarding Bassa's appeal of the district court's order finding that his "notice of appeal was filed in an untimely manner due to excusable neglect," it has no merit.  The district court's order *granted* Bassa relief by allowing the untimely filing of his notice of appeal upon a finding of excusable neglect.  Thus, there is no legal or factual basis for Bassa's appeal of this order.

Bassa's appeal does not present a nonfrivolous issue and has not been brought in good faith.  *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).  The motion for leave to proceed IFP is DENIED.  His appeal is DISMISSED as frivolous.  *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.